IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| OLAN ROGER GLASSCOCK | § | |
| v. | § | CIVIL ACTION NO. 6:06cv290 |
| HENDERSON COUNTY JUSTICE CENTER | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Olan Roger Glasscock, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On August 11, 2006, the Magistrate Judge ordered Glasscock to pay an initial partial filing fee of $17.00, pursuant to 28 U.S.C. §1915(b). This order was based on Glasscock's inmate trust account statement from the Smith County Jail, which showed that he had received some $520.00 between February and July of 2006.

Glasscock received this order on August 15, 2006, but did not comply, nor did he respond in any way. On November 2, 2006, after an ample period of time had passed, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Glasscock did not file objections *per se* to this Report, but on November 20, 2006, he filed another application for leave to proceed *in forma pauperis*. This application was not accompanied by an inmate trust account data sheet, but in it, Glasscock said that he received $20.00 to $30.00 per month from his mother. In a cover letter, Glasscock says that if

1

he paid the $17.00, he would only have three dollars for "personal use" for the month.  He added that he had only been back at the Smith County Jail for a week and had not had a chance to obtain a data sheet.  In the interest of justice, the Court will construe the cover letter and application as objections to the Report.

However, these objections are without merit.  Glasscock concedes that he receives money on a monthly basis, and he was ordered to pay the initial partial filing fee in August, some four months ago.  Glasscock does not state that he is unable to pay the fee; rather, he complains that the fee would not leave him enough money for "personal use" for that month.  As the Seventh Circuit has aptly noted, litigation is not a free good, and if a plaintiff does not believe that his litigation is worthy of any costs involved which he may be able to assume, he has demonstrated an implied evaluation of the lawsuit that the Court is entitled to honor.  *See* <u>Lumbert v. Illinois Department of Corrections</u>, 827 F.2d 257, 259-60 (7th Cir. 1987).

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute or to obey an order of the Court.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 20th day of December, 2006.**



    **LEONARD DAVIS**
    **UNITED STATES DISTRICT JUDGE**